# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **Reginald Martin** | § |
| | § |
| **Plaintiff(s),** | § |
| | § |
| v. | § |
| | § |
| **Memorial Hermann** | § |
| **Healthcare System** | § |
| | § |
| **Defendant(s)** | § |

# COMPLAINT

## PRELIMINARY STATEMENT

1. Reginald Martin brings this ERISA action against Memorial Hermann Healthcare System to secure long term disability benefits to which he is entitled under a disability benefits plan underwritten and administered by Memorial Hermann Healthcare System. Reginald Martin is covered under the plan by virtue of his employment with Memorial Hermann Healthcare System.

2. Reginald Martin suffers from chronic back pain, fatigue and depression which has left him permanently and totally disabled. As a result of his disability, he was forced to leave his employment and seek Long Term Disability ("LTD") benefits from defendant.

## PARTIES

3. Plaintiff, Reginald Martin, is a citizen and resident of Houston, Texas. Plaintiff was employed by Memorial Hermann Healthcare System, which is located in Houston, Texas, in the

Southern District of Texas.

4. Defendant, Memorial Hermann Healthcare System, is a properly organized business entity doing business in the state of Texas. The Long Term Disability Plan at issue in this case was issued by Memorial Hermann Healthcare System to Memorial Hermann Healthcare System, which is located in the Southern District of Texas.

## JURISDICTION AND VENUE

5. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

6. Venue in the Southern District of Texas is appropriate by virtue of plaintiff's employment and defendant's doing business in this District.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff has been a covered beneficiary under a group Long Term Disability benefits policy issued by Memorial Hermann Healthcare System through his former employer, Memorial Hermann Healthcare System.

8. Under the terms of the policy, Memorial Hermann Healthcare System administered the plan and had sole authority to grant or deny benefits to applicants.

9. Defendant Memorial Hermann Healthcare System has a fiduciary obligation to plaintiff to administer the Plan and Policy fairly, and to furnish long term disability benefits according to the terms of the Policy, subject to conditions and limitations not applicable in this action.

10. Plaintiff is a 49 year-old man who worked for Memorial Hermann Healthcare System from 1997 until July 24, 1998. Plaintiff was injured in an on the job injury on July 24, 1998. Plaintiffs impairments are so severe that he can no longer work, and he was forced to leave his employment. He then applied to Memorial Hermann Healthcare System for Long Term Disability benefits.

11. Plaintiff submitted medical information to Memorial Hermann Healthcare System showing that he is totally disabled.

12. Plaintiff has been found to be totally disabled by the Social Security Administration, which uses a more rigorous threshold for determining disability. Unlike the Memorial Hermann Healthcare System plan, which requires only that Reginald Martin be unable to perform the material duties of his own occupation, the Social Security Act requires Reginald Martin to show that he is totally disabled from performing any substantial gainful activity.

13. Plaintiff was awarded benefits under the Plan and was paid monthly benefits in the amount of $322.83 until payments were terminated after receipt of the February 2002 payment without written explanation. Plaintiff attempted to get a written explanation on numerous occasions regarding the status of his disability payments and rights to have his termination reconsidered. Defendant has failed to comply with all requests.

14. Plaintiff attempted to pursue his administrative remedies set forth in the plan by requesting administrative review of the denial of benefits, however Defendant has refused to comply with administrative appellate procedures required by law as set forth by 29 U.S.C. §1133. Therefore Plaintiff's attempts to pursue his administrative remedies have been futile.

CLAIMS FOR RELIEF:
WRONGFUL DENIAL OF BENEFITS
UNDER ERISA, 29 U.S.C. § 1132(a)(1) and 1133.

15. Defendant violated due process under ERISA 29 U.S.C. § 1133 for the following reasons:

a. Defendant failed to provide adequate notice in writing to Plaintiff that his claim for benefits under the plan had been denied. Defendant simply terminated benefits;

b. Defendant failed to accord a reasonable opportunity to Plaintiff whose claim for benefits had been denied for a full and fair review and administrative appeal;

c. Defendant has violated its contractual obligation to furnish long term disability benefits to plaintiff;

d. Defendant has failed to comply with its own internal administrative procedures;

e. Plaintiff was denied meaningful access to the claims process.

f. Defendant wrongfully denied plaintiff a full, fair and impartial review of his benefits claim by not affording Plaintiff his rights for administrative appeal.

WHEREFORE, Plaintiff prays that the Court:

16. Grant plaintiff declaratory and injunctive relief, finding that he is entitled to short-term and long term disability benefits under the terms of the Memorial Hermann Healthcare System policy, and that defendant Memorial Hermann Healthcare System be ordered to pay short-term and long term disability benefits according to the terms of the Plan until such time as plaintiff is no longer disabled or reaches the age of 65.

17. Enter an order awarding plaintiff all reasonable attorney fees and expenses incurred as a result of defendants' wrongful denial in providing coverage;

18. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

Law Office of Marc Whitehead
The Lyric Centre
440 Louisiana, Suite 675
Houston, Texas  77002
(713) 228-8888
(713) 225-0940 Fax

BY: _____
Marc Whitehead
State Bar No. 00785238
Attorney for Plaintiff,
Reginald Martin

AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __Texas__

Reginald Martin

V.

Memorial hermann Healthcare System

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

V. Randolph Gleason
7737 Southwest Freeway
suite 200
Houston, Texas  77074

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Offices of Marc Whitehead
440 Louisiana, Suite 675
Houston, Texas  77002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

◎AO 440 (Rev 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                    Date

_____
*Signature of Server*

_____
*Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __Texas__

Reginald Martin

V.

Memorial hermann Healthcare System

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

V. Randolph Gleason
7737 Southwest Freeway
suite 200
Houston, Texas 77074

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Offices of Marc Whitehead
440 Louisiana, Suite 675
Houston, Texas 77002

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
          Date                    *Signature of Server*


                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure